**Bobby Joe CARR, Petitioner,**

v.

**TULSA COUNTY and the State of Oklahoma, Respondents.**

**No. A-14430.**

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1968.

Bobby Joe Carr, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

### MEMORANDUM OPINION

BUSSEY, Judge:

On the 4th day of October, 1967, this Court issued the following order in the above styled and numbered cause:

"Bobby Joe Carr was charged, tried and convicted in the District Court of Tulsa County case No. 18615, in the month of June, 1961, at which time he alleges he was represented by Jay Baker, a court-appointed attorney. He further alleges that he desired to appeal said conviction to this Court with casemade at public expense and was advised by his court-appointed attorney that such an appeal would be perfected. He further alleges that he was advised that such appeal was perfected and the conviction was affirmed, when in truth and in fact, no appeal was ever perfected thus depriving him of his constitutional and statutory right to appeal.

IT IS THEREFORE THE ORDER OF THIS COURT that the Presiding Judge of the 14th Judicial District direct that an

evidentiary hearing be held, evidence adduced on the issues so raised, and that said Judge direct the Sheriff of Tulsa County return the said Bobby Joe Carr to the Tulsa County authorities in order that his testimony relating to this issue may be presented to the Court. The Presiding Judge is further directed to appoint counsel to represent the petitioner. At the conclusion of the hearing, petitioner should be returned to the authorities of the Oklahoma State Penitentiary. The Judge conducting such hearing should direct the court reporter to transcribe the proceedings and said Judge should then enter findings of fact and conclusions of law and return the same to the Clerk of this Court without unreasonable delay.

The Warden of the State Penitentiary is directed to release Bobby Joe Carr to the Tulsa County authorities for the purpose of attending said evidentiary hearing.

The Clerk of this Court is directed to transmit with this Order, a copy of the pleadings filed herein.

WITNESS MY HAND AND THE SEAL OF THIS COURT this 4th day of October, 1967."

Thereafter, an evidentiary hearing was held on the 20th and 22nd days of November, 1967, and at the conclusion of the testimony, the trial court entered the following Findings of Fact:

"* * *

1. Petitioner, Bobby Joe Carr, is one and the same person who was defendant in Case 18615, District Court in Tulsa County, Oklahoma, and who, in said case, on June 6, 1961, was found guilty by the Jury, and on June 13, 1961, was sentenced to 12 years in Oklahoma State Penitentiary.

2. Petitioner's court-appointed attorney, Jay Baker, presented a motion for new trial and it was overruled whereupon he gave notice of intent to appeal to the Court of Criminal Appeals of the State of Oklahoma.

3. Petitioner was advised by his attorney that he could find no error in the trial of the case which would sustain a reversal by the Court of Criminal Appeals. The above said notice was within three weeks of conviction and allowed the petitioner adequate time to obtain other counsel.

4. Petitioner had two trials and one appeal all at the expense of the State of Oklahoma, and thereby had good cause to know that free legal help was available to him for further appeal.

5. Petitioner does not allege that any of the persons, who claim Attorney Baker indicated an appeal was pending informed him of the pending appeal, thus petitioner was not misled by their advice.

6. It appears to the Court that petitioner is not in good faith on this matter. He complimented his free court-appointed attorney after his conviction and now comes back to attack his efforts, but only after the revocation of his parole.

CONCLUSIONS OF LAW

There appears to be no basis for granting the post conviction appeal or case made as requested by the petitioner in this action.

/s/ Raymond W. Graham
Raymond W. Graham, Judge"

We have carefully examined the record of the evidentiary hearing and are of the opinion that the trial court's findings are amply supported by the evidence and that petitioner has not been denied any right relating to an appeal. For these reasons, the post conviction appeal is denied. Appeal denied.

NIX, P. J., and BRETT, J., concur.